IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER PHARMA AG, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) C.A. No. _____ |
| APOTEX INC. and APOTEX CORP., | ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Bayer Pharma AG, Bayer AG (Bayer AG and Bayer Pharma AG are collectively referred to herein as "Bayer"), and Janssen Pharmaceuticals, Inc. ("Janssen") (Bayer and Janssen are collectively referred to herein as "Plaintiffs"), by their attorneys, for their Complaint, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by Apotex Inc. and Apotex Corp. of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of Plaintiffs' 2.5 mg XARELTO® product prior to the expiration of U.S. Patent No. 10,828,310 ("the '310 patent").

## THE PARTIES

### Plaintiffs

2. Plaintiff Bayer Pharma AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Müllerstrasse 178, 13353 Berlin, Germany.

3. Plaintiff Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

4. Plaintiff Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

### Defendants

5. On information and belief, Defendant Apotex Inc. is a company organized and existing under the laws of Canada, with a principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada. On information and belief, Apotex Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Apotex Corp.

6. On information and belief, Defendant Apotex Corp. is a corporation organized under the laws of the State of Delaware, with a principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326. On information and belief, Apotex Corp. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

7. On information and belief, Apotex Corp. is a wholly-owned subsidiary of Apotex Inc. and is controlled and/or dominated by Apotex Inc.

8. On information and belief, Apotex Inc. and Apotex Corp. act in concert to file ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, Apotex Corp., acting in concert with Apotex Inc., files certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certifications") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

9. On information and belief, Apotex Inc. and Apotex Corp. acted in concert to prepare and submit ANDA No. 217810 for Apotex's 2.5 mg rivaroxaban tablets ("Apotex's ANDA Product"), which was done at the direction of, under the control of, and for the direct benefit of Apotex Inc.

10. On information and belief, Apotex Inc. and Apotex Corp. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Apotex's ANDA Product at issue.

11. On information and belief, following any FDA approval of ANDA No. 217810, Apotex Inc. and Apotex Corp. will act in concert to market, distribute, offer for sale, and

3

sell Apotex's ANDA Product throughout the United States and within Delaware. These entities—Apotex Inc. and Apotex Corp.— hereafter are collectively referred to as "Apotex."

12. On information and belief, following any FDA approval of ANDA No. 217810, Apotex knows and intends that Apotex's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

## JURISDICTION

13. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

15. This Court has personal jurisdiction over each of Apotex Inc. and Apotex Corp.

16. Apotex Inc. is subject to personal jurisdiction in Delaware because, among other things, Apotex Inc., itself and through its wholly-owned subsidiary Apotex Corp., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Apotex Inc., itself and through its wholly-owned subsidiary Apotex Corp., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, Apotex Inc. is subject to personal jurisdiction in Delaware because, on information and belief, it controls Apotex Corp. and therefore the activities of Apotex Corp. in this jurisdiction are attributed to Apotex Inc.

17. Apotex Corp. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Apotex Corp. is a corporation formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Apotex Corp. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

18. In addition, this Court has personal jurisdiction over Apotex Inc. and Apotex Corp. because, among other things, on information and belief: (1) Apotex Inc. and Apotex Corp. acted in concert to file an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product in the United States, including in Delaware; and (2) Apotex Inc. and Apotex Corp., acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell Apotex's ANDA Product in the United States, including in Delaware, upon approval of ANDA No. 217810, and will derive substantial revenue from the use or consumption of Apotex's ANDA Product in the State of Delaware. On information and belief, if ANDA No. 217810 is approved, the generic Apotex product charged with infringing the '310 patent would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

19. Further, this Court has personal jurisdiction over Apotex because Apotex Inc. and Apotex Corp. regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, Case No. 21-1429-WCB, D.I. 14 (D. Del. Mar. 1, 2022); *Bial-Portela & CA S.A. v. Apotex Inc. et al.*, Case No. 21-187-CFC, D.I. 6 (D. Del. Mar. 3, 2021); *Merck Sharp & Dohme Corp. v. Apotex Inc. et al.*, Case No. 20-749-RGA, D.I. 7 (D. Del. June 26, 2020); *AstraZeneca AB v. Apotex Inc. et al.*, Case No. 18-2010-RGA, D.I. 8 (D. Del. Jan. 2, 2019); *Astellas US LLC v. Apotex Inc. et al.*, Case No. 18-1675-CFC, D.I. 84 (D. Del. July 5, 2019).

20. Alternatively, if Apotex Inc.'s connections with Delaware, including its connections with Apotex Corp., are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Apotex Inc. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Apotex Inc. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

## VENUE

21. Venue is proper in this district for Apotex Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia,* Apotex Inc. is a corporation organized and existing under the laws of Canada and is subject to personal jurisdiction in this judicial district.

22. Venue is proper in this district for Apotex Corp. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia,* Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

**FACTUAL BACKGROUND**

23. XARELTO® (active ingredient rivaroxaban) is a factor Xa inhibitor. The 2.5 mg tablet strength of XARELTO® is indicated for administration orally twice daily, in combination with aspirin (75-100 mg) once daily (i) to reduce the risk of major cardiovascular events (cardiovascular (CV) death, myocardial infarction (MI), and stroke) in adult patients with coronary artery disease (CAD); and (ii) to reduce the risk of major thrombotic vascular events (MI, ischemic stroke, acute limb ischemia, and major amputation of a vascular etiology) in adult patients with peripheral artery disease (PAD), including patients who have recently undergone a lower extremity revascularization procedure due to symptomatic PAD.

24. Janssen is the holder of New Drug Application No. 022406 for XARELTO®, which has been approved by the FDA.

25. The '310 patent, entitled "Reducing the Risk of Cardiovascular Events," was duly and legally issued on November 10, 2020. The '310 patent is attached as Exhibit A.

26. As set forth in greater detail in the '310 patent, the claims of the '310 patent, incorporated by reference herein, cover certain methods involving rivaroxaban. For example, independent claim 1 recites, "A method of reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral artery disease, comprising administering to the human patient rivaroxaban and aspirin in amounts that are clinically proven effective in reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral arterial disease, wherein rivaroxaban is administered in an amount of 2.5 mg twice daily and aspirin is administered in an amount of 75-100 mg daily."

27. Bayer Pharma AG is the assignee of the '310 patent.

28. Bayer AG is an exclusive licensee under the '310 patent.

29. Janssen is an exclusive sublicensee under the '310 patent.

30. Pursuant to 21 U.S.C. § 355, the '310 patent is listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") in connection with the 2.5 mg strength of XARELTO®.

### COUNT I:  INFRINGEMENT OF THE '310 PATENT

31. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

32. By letter dated October 31, 2022 ("Apotex's Notice Letter"), Apotex notified, *inter alia*, Plaintiffs that Apotex Corp., acting in concert with and Apotex Inc., had submitted to the FDA ANDA No. 217810 for Apotex's ANDA Product.  This product is a generic version of the 2.5 mg strength of XARELTO®.

33. In Apotex's Notice Letter, Apotex indicated that, in connection with its ANDA No. 217810, Apotex had filed, *inter alia*, a Paragraph IV Certification with respect to the '310 patent.

34. In Apotex's Notice Letter, Apotex stated that Apotex's ANDA Product contains rivaroxaban.

35. On information and belief, the proposed labeling for Apotex's ANDA Product directs a method of reducing the risk of major cardiovascular events (cardiovascular (CV) death, myocardial infarction (MI), and stroke) in patients with chronic coronary artery disease (CAD) or peripheral artery disease (PAD).  On information and belief, the proposed labeling for Apotex's ANDA Product further directs the administration of Apotex's ANDA Product and aspirin in amounts that are clinically proven effective in reducing the risk of MI, stroke or CV death in a

human patient with CAD and/or PAD, wherein Apotex's ANDA Product will be administered twice daily and aspirin is administered in an amount of 75-100 mg daily.

36. The purpose of ANDA No. 217810 was, *inter alia*, to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, and/or sale of Apotex's ANDA Product with its proposed labeling prior to the expiration of the '310 patent.

37. Apotex intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 217810, *i.e.*, prior to the expiration of the '310 patent.

38. On information and belief, the manufacture, use (including in accordance with and as directed by Apotex's proposed labeling for Apotex's ANDA Product), offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product will infringe at least claim 1 of the '310 patent.

39. In Apotex's Notice Letter, Apotex did not contest that the use of Apotex's ANDA Product in accordance with its proposed labeling would infringe the '310 patent.

40. Apotex has knowledge of the claims of the '310 patent. Notwithstanding this knowledge, Apotex has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 217810. On information and belief, by such activities, Apotex specifically intends to infringe the '310 patent.

41. On information and belief, Apotex plans and intends to, and will, actively induce infringement of the '310 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

42. On information and belief, Apotex knows that Apotex's ANDA Product with its proposed labeling is especially made or adapted for use in infringing the '310 patent, and that Apotex's ANDA Product with its proposed labeling is not suitable for substantial noninfringing use. On information and belief, Apotex plans and intends to, and will, contribute to infringement of the '310 patent immediately and imminently upon approval of ANDA No. 217810.

43. Apotex's submission of ANDA No. 217810 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Apotex's ANDA Product was an act of infringement of the '310 patent under 35 U.S.C. § 271(e)(2).

44. On information and belief, Apotex has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Apotex's ANDA Product with its proposed labeling prior to the expiration of the '310 patent.

45. Apotex intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Apotex's ANDA Product with its proposed labeling prior to the expiration of the '310 patent.

46. The foregoing actions by Apotex constitute and/or will constitute infringement of the '310 patent, active inducement of infringement of the '310 patent, and/or contribution to the infringement by others of the '310 patent.

47. Unless Apotex is enjoined from infringing the '310 patent, actively inducing infringement of the '310 patent, and contributing to the infringement by others of the '310 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

48. This action is being commenced before the expiration of forty-five days from the date Bayer and Janssen received Apotex's Notice Letter.

## **COUNT II: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '310 PATENT**

49. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

50. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Apotex on the other regarding Apotex's liability for infringement and active inducement of infringement of the '310 patent.

51. An actual case or controversy exists between Plaintiffs and Apotex with respect to Apotex's liability for infringement of the '310 patent.

52. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Apotex's ANDA Product will infringe and induce the infringement of the '310 patent.

\*   \*   \*

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Apotex has infringed the '310 patent;

(b) A judgment ordering that the effective date of any FDA approval for Apotex to make, use, offer for sale, sell, market, distribute, or import Apotex's ANDA Product, or any product or compound the use of which infringes the '310 patent, be no earlier than the expiration date of the '310 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

11

(c) A preliminary and permanent injunction enjoining Apotex, and all persons acting in concert with Apotex, from making, using, selling, offering for sale, marketing, distributing, or importing Apotex's ANDA Product, or any product or compound the use of which infringes the '310 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '310 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Apotex's ANDA Product prior to the expiration of the '310 patent will infringe and induce the infringement of the '310 patent;

(e) A declaration that this is an exceptional case and an award of attorneys' fees for Plaintiffs pursuant to 35 U.S.C. § 285;

(f) An award of Plaintiffs' costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

OF COUNSEL:

Bruce R. Genderson
Dov P. Grossman
Alexander S. Zolan
Seth R. Bowers
Kathryn S. Kayali
Julie L. Tavares
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
(202) 434-5000

*Attorneys for Plaintiffs Bayer Pharma AG and Bayer AG*

Thomas D. Rein
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Andrew T. Langford
SIDLEY AUSTIN LLP
2021 McKinney Ave., Suite 2000
Dallas, TX 75201
(214) 981-3300

*Attorneys for Plaintiff Janssen Pharmaceuticals, Inc.*

December 14, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs Bayer Pharma AG, Bayer AG, and Janssen Pharmaceuticals, Inc.*